**SO ORDERED.**

**SIGNED July 16, 2009.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE
_____

```
              UNITED STATES BANKRUPTCY COURT
               WESTERN DISTRICT OF LOUISIANA


IN RE:

MICHAEL GAUTHIER
LINDA GAUTHIER                          CASE NO. 08-51002

     Debtors                            Chapter 13
```
-----------------------------------------------------------------
MEMORANDUM RULING
-----------------------------------------------------------------

The present matter before the court is a Motion for Valuation filed by Gulf Coast Bank ("GCB"). GCB holds a multiple indebtedness mortgage on a commercial property located at 1019 LeBlanc Road in Breaux Bridge, Louisiana (the "LeBlanc Road Property"). The property consists of a tract of land, a metal commercial building that includes office space and a warehouse, a metal canopy for parking, and other improvements. The property is owned by Michael and Linda Gauthier ("Debtors"). Debtors filed for relief under Chapter 13 of the Bankruptcy Code on August 25, 2008.

Debtors propose to (1) surrender the LeBlanc Road Property to GCB, and (2) receive a credit for the value of this property against the outstanding balance they owe to GCB. GCB filed an original proof of claim for $117,770.45, and Debtors objected to the claim.  GCB and Debtors subsequently reached agreement on Debtors' objection, and the parties have filed an agreed order on Debtors' objection to the claim.  The sole remaining issue is the amount of the credit to be applied to the outstanding indebtedness owed to GCB as a result of the surrender.  The amount of this credit turns on valuation. The court took this matter under advisement following an evidentiary hearing, and is now prepared to rule on valuation.

The standards that guide the court in valuing property are well-settled.  The value of collateral must be determined in light of the purpose of the valuation and of the proposed disposition or use of the collateral.  See 11 U.S.C. §506(a); Associates Commercial Corporation v. Rash, 117 S.Ct. 1879 (1997).  Here, the court must value the LeBlanc Road Property in light of Debtors' intention to surrender the property to GCB.  GCB and Debtors presented testimony from appraisers valuing the property. Debtors' appraiser valued the property (land, building, and improvements) at approximately $105,000.  GCB's appraiser valued the property at approximately $70,000.  Valuation in the present case is complicated by a lack of reliable comparable sales data.  However,

after considering the appraisal testimony and exhibits introduced during the hearing as well as the methodology and comparable sales data used by the parties' appraisal experts, the court finds that the $105,000 appraisal is the best starting point for assessing the value of the LeBlanc Road Property.  However, because this valuation is based on a proposed sale period of 6 months to a year, the court concludes that this valuation must be reduced to reflect the proposed disposition of the property – i.e. the surrender of the property to GCB for liquidation.  Based on the testimony of both experts, the court fixes a value of **$89,250** on the LeBlanc Road Property for purposes of plan confirmation.  Confirmation of the Debtors' First Amended Plan filed January 12, 2009 is DENIED.  Debtors shall file an amended plan reflecting the court's ruling on valuation no later than July 27, 2009, and notice this plan to the matrix for hearing on August 19, 2009 at 8:30 a.m.  In all other respects, GCB's Motion for Valuation is denied.

    **IT IS SO ORDERED.**

###